UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CORELINA SCOTT                                        CIVIL ACTION

VERSUS                                                NO. 11-2313

SUNOCO CATERING ET AL.                                SECTION "A"(2)


# FINDINGS AND RECOMMENDATION

Plaintiff, Corelina Scott, filed this complaint pro se and in forma pauperis on September 19, 2011, alleging sexual harassment and discrimination by defendants, Sunoco Catering and Tidewater Offshore Deepwater Drilling. Record Doc. No. 1 (Complaint). The record reflects that the Clerk of Court issued two summonses to plaintiff herself. The record contains no returns of service on defendants.

Because the record contained no evidence of service on defendants, by order dated November 22, 2011, Record Doc. No. 7, plaintiff's case was placed on the court's December 21, 2011 call docket. Plaintiff was ordered to appear in person on that date to show cause why service had not been completed. Plaintiff was advised that if service was completed before the date of the call docket, filing the appropriate service returns in the record would satisfy the court's order and make an appearance unnecessary. The court's order was mailed to plaintiff by the Clerk at the address provided by plaintiff in her original complaint. Although the record reflects that other mail sent to plaintiff by the Clerk has been returned, Record Doc. Nos. 5 and 6, the record provides no indication

that the court's November 22, 2011 order, Record Doc. No. 7, was not received. However, at the time of the hearing on December 21, 2011, plaintiff failed to appear in court as ordered or contact the court in any way.

Because the record reflected that plaintiff was proceeding in forma pauperis, the Clerk was then directed to issue to the Marshal and the Marshal was directed to serve summons and complaint on defendants pursuant to Fed. R. Civ. P. 4(c)(3). Record Doc. No. 8. Thereafter, on January 13, 2012, the court was advised by staff of the United States Marshals Service that service could not be effected upon defendants as ordered because plaintiff had not provided in her original complaint filed with the court any information with which service of process upon defendants might be effectuated and failed to respond to the Marshals Service's request that she provide such information.

Accordingly, by order issued on January 13, 2012, Record Doc. No. 9, plaintiff was advised of the Rule 4(m) time limit for service, and her case was again placed on the court's call docket on February 1, 2012. Plaintiff was again ordered to appear in person to report on the status of the case and show cause why she had failed to provide the court with any information with which service of process upon defendants might be effectuated, as requested, and otherwise establish good cause to extend the Rule 4(m) deadline. Plaintiff was advised that providing the court, in writing, with the service address of <u>all</u> defendants so that service might be effected by the Marshal before the

February 1, 2012 hearing, or filing the appropriate service returns in the record, would satisfy the court's order, make an appearance unnecessary and result in a reasonable extension of the Rule 4(m) deadline. This order, also mailed to plaintiff by the Clerk at the address provided by plaintiff in her original complaint, was returned to the court in the mail. At the time of the hearing on February 1, 2012, plaintiff again failed to appear in court as ordered or contact the court in any way. Record Doc. Nos. 9 and 10. Moreover, the record continues to reflect no appearance, answer or other responsive pleading or any indication of service on defendants.

Local Rules 41.3.1 and 11.1 require attorneys and pro se litigants to notify the court promptly of any address or telephone number change. "[F]ailure of any . . . pro se litigant to notify the court of a current . . . postal address may be considered cause for dismissal . . . when a notice is returned to the court because of an incorrect address . . ." Local Rule 41.3.1.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate

period." See Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Redding v. Essex Crane Rental Corp., 752 F.2d 1077 (5th Cir. 1985).

Plaintiff filed her complaint in this matter on September 19, 2011. More than 120 days have elapsed since the filing of the complaint in this action. In addition, plaintiff has failed to provide the court with her current address, which is necessary to the prosecution of this matter.

In a final effort to provide plaintiff with an opportunity to show cause why this complaint should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m), I am issuing these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that she may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report. Plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested that any objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. It is further suggested that plaintiff provide the court with information necessary to serve defendants, including their addresses or a description of any efforts or plans made to effectuate service.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's case. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

**IT IS RECOMMENDED** that, if plaintiff does not file written objections to these Findings and Recommendation, the complaint of Corelina Scott be dismissed with<u>out</u> prejudice pursuant to Fed. R. Civ. P. 4(m).

New Orleans, Louisiana, this \_\_\_\_7th\_\_\_\_ day of February, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.